**PUBLIC CITIZEN LITIGATION GROUP**
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

September 30, 2014

*By Electronic Filing (ECF) Only*

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *Roach v. T.L. Cannon Corp.*, No. 13-3070
     Supplemental Authority Letter under Rule 28(j)
     Case argued Sept. 8, 2014 (Jacobs, Droney, C.JJ., Kaplan, D.J.)

Dear Madam Clerk:

  Plaintiffs-appellants respectfully call the Court's attention to the recent decision *In re Urethane Antitrust Litigation*, __ F.3d __, 2014 WL 4801253 (10th Cir. Sept. 29, 2014), which affirmed class certification and a jury award in favor of a class of polyurethane-product purchasers who brought antitrust claims against Dow Chemical Company. *Id.* at *1-*2, *21.

  With this decision, the Tenth Circuit has adopted the same reading of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), as all the other federal appellate courts to have considered the issue: "*Comcast* did not rest on the ability to measure damages on a class-wide basis," because the parties in *Comcast* conceded that a class-wide measure of damages was necessary to show predominance in that case. *Urethane Antitrust*, 2014 WL 4801253, at *9; *see also* Appellants' Opening Br. 21-25 (discussing the Sixth, Seventh, and Ninth Circuits' views); Appellants' Reply Brief 5-6 (discussing the Fifth Circuit's view). The Tenth Circuit's observation that "unlike the claimants in *Comcast*, our plaintiffs did not concede that class certification required a method to prove class-wide damages through a common methodology," *Urethane Antitrust*, 2014 WL 4801253, at *9, applies equally to this case.

1

More generally, *Urethane Antitrust* reaffirms plaintiffs-appellants' central point that an individualized measure of damages is not a per se bar to finding predominance: "The presence of individualized damages issues would not change [the district court's finding of predominance]. Class-wide proof is not required for all issues. Instead, Rule 23(b)(3) simply requires a showing that the questions common to the class predominate over individualized questions." *Id.* at *6; *accord* Appellants' Opening Brief 17-29. Because the district court's decision flouted that rule by holding that the need for individualized damages calculations necessarily defeats predominance, its decision should be reversed.

Dated:  September 30, 2014              Respectfully submitted,

/s/ Scott Michelman
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

J. Nelson Thomas
Michael J. Lingle
Annette Gifford
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Frank S. Gattuso
Dennis G. O'Hara
O'HARA, O'CONNELL & CIOTOLI
7207 East Genesee Street
Fayetteville, NY 13066
(315) 451-3810

*Attorneys for Plaintiffs-Appellants*