Littler
Employment & Labor Law Solutions Worldwide

**Littler Mendelson, PC**
900 Third Avenue
New York, NY 10022.3298

Craig R. Benson
212.583.2682 direct
212.583.9600 main
718.732.2369 fax
cbenson@littler.com

October 10, 2014

***VIA ECF ONLY***

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Roach v. T.L. Cannon Corp.*, No. 13-3070
Supplemental Authority Letter under Rule 28(j)

Dear Madam Clerk:

Appellees write in response to Appellants' letter filed on September 30, 2014, calling the Court's attention to the recent decision in *In re Urethane Antitrust Litigation*, __ F.3d __, 2014 U.S. App. LEXIS 18553 (10th Cir. Sept. 29, 2014), in which a motion for decertification in an antitrust case, filed one day before trial and renewed one month after the trial, was denied. Appellants argue that this case supports their position that *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) does not provide a *per se* bar to a predominance finding when an individualized measure of damages is necessary. As was stated at oral argument, Appellees do not dispute this. Individualized damages are, however, a factor in the predominance analysis. *Id.* at 1433.

The Tenth Circuit in *In re Urethane* held that class-wide issues predominated over individual issues because the threshold questions of liability on a price-fixing claim, conspiracy and impact, "raised common questions that were capable of class-wide proof." *In re Urethane*, 2014 U.S. App. LEXIS 18553, at *16. At trial, the plaintiffs presented class-wide evidence, including expert testimony, on the issues of conspiracy and impact "that determined liability in a single 'stroke.'" *Id.* at *20. In fact, the Court noted "we know from the actual trial that individualized issues did not predominate." *Id.* at *24.

As distinguished from the *In re Urethane* case, Appellants failed to demonstrate that their off-the-clock and spread of hours claims raised common questions that were capable of class-wide proof. Quite the contrary, Appellants' own evidence establishes an individualized inquiry would be required to determine liability, as well as damages. Appellants' motion for class certification was not denied solely because of a failure to establish commonality of damages. Consistent with the Tenth Circuit's decision, the motion was denied because Appellants failed to establish that questions of law and fact common to class members predominated over questions affecting only individual members.

Catherine O'Hagan Wolfe, Clerk of the Court
October 10, 2014
Page 2

Respectfully submitted,

/s/ Craig R. Benson

Craig R. Benson

CRB/ews

cc: J. Nelson Thomas, Esq. (via ECF)
    Scott M. Michelman, Esq. (via ECF)
    Douglas Michael Werman, Esq. (via ECF)
    Jamie G. Sypulski, Esq. (via ECF)

129332986.2