13-3070-cv
Roach v. T.L. Cannon Corp.

# In the
# United States Court of Appeals
## For the Second Circuit

————————————

August Term, 2014

No. 13-3070-cv

MATTHEW ROACH, MELISSA LONGO, GARRETT TICHEN,
CHRISTINA APPLE,
*Plaintiffs-Appellants*,

*v.*

T.L. CANNON CORP., d/b/a Applebees, T.L. CANNON MANAGEMENT
CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC
EAST, LLC, TLC NORTH, LLC, DAVID A. STEIN, individually and as
Owner and Chairman of T.L. Cannon Corp. and as Director and
Chairman of T.L. Cannon Management Corp., MATTHEW J.
FAIRBARN, individually and as Owner and President of T.L. Cannon
Corp. and as Director and Chief Executive Officer of T.L. Cannon
Management Corp., JOHN A. PERRY, individually and as Vice-
President and Director of Operations of T.L. Cannon Corp. and as
President of T.L. Cannon Management Corp.,
*Defendants-Appellees*.

————————————

Appeal from the United States District Court
for the Northern District of New York.
No. 10-cv-591 — Thomas J. McAvoy, *Judge*.

————————————

ROACH V. T.L. CANNON CORP.

1         ARGUED: SEPTEMBER 8, 2014
2         DECIDED: FEBRUARY 10, 2015
3         ————————————
4
5   Before: JACOBS and DRONEY, *Circuit Judges*; KAPLAN, *District Judge*.[*]
6         ————————————
7
8       Appeal from an order of the United States District Court for
9 the Northern District of New York (McAvoy, *Judge*) denying class
10 certification under Rule 23(b)(3) of the Federal Rules of Civil
11 Procedure. We hold that *Comcast Corp. v. Behrend*, 133 S. Ct. 1426
12 (2013), does not require that damages be measurable on a classwide
13 basis for certification under Rule 23(b)(3). Since the district court
14 denied class certification solely because it believed damages were
15 not measurable on a classwide basis, we **VACATE** and **REMAND**.
16         ————————————
17
18         SCOTT MICHELMAN, Public Citizen Litigation
19         Group, Washington, DC, (J. Nelson Thomas,
20         Michael J. Lingle, and Annette Gifford, Thomas &
21         Solomon, LLP, Rochester, NY, Frank S. Gattuso
22         and Dennis G. O'Hara, O'Hara, O'Connell &
23         Ciotoli, Fayetteville, NY, Michael T. Kirkpatrick,
24         Public Citizen Litigation Group, Washington, DC,
25         *on the brief*), *for Plaintiffs-Appellants*.

26         CRAIG R. BENSON, Littler Mendelson, P.C.
27         (Andrew P. Marks, Elena Paraskevas-Thadani,
28         and Erin W. Smith, *on the brief*), New York, NY,
29         *for Defendants-Appellees*.

---

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

ROACH V. T.L. CANNON CORP.

Jamie G. Sypulski, Law Office of Jamie Golden Sypulski, and Douglas M. Werman, Werman Law Office, P.C., Chicago, IL, *for the National Employment Lawyers Association as* amicus curiae *in support of Plaintiffs-Appellants*.

———————————

DRONEY, *Circuit Judge*:

This appeal presents the question of whether the Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), overruled the law of this Circuit that class certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure cannot be denied merely because damages have to be ascertained on an individual basis. The United States District Court for the Northern District of New York (McAvoy, *J.*) concluded that *Comcast* permits certification under Rule 23(b)(3) only when damages are measurable on a classwide basis, and denied Plaintiffs-Appellants' motion for class certification.

We hold that *Comcast* does not mandate that certification pursuant to Rule 23(b)(3) requires a finding that damages are

-3-

ROACH V. T.L. CANNON CORP.

1    capable of measurement on a classwide basis.   Accordingly, we

2    VACATE the order of the district court denying class certification,

3    and REMAND.

## BACKGROUND

5    Plaintiffs-Appellants ("Plaintiffs"), four former employees at

6    certain Applebee's restaurants owned and operated in upstate New

7    York by T.L. Cannon Corp. ("Cannon"), filed suit against Cannon in

8    the United States District Court for the Northern District of New

9    York.[1]   The amended complaint alleged a collective action for

10   violation of the Fair Labor Standards Act and a putative class action

11   for violations of the New York Labor Law.   Plaintiffs alleged that

12   Cannon had a policy of not paying hourly employees an extra hour

13   of pay when working a ten-hour work day as was then required by

14   N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 (the "spread-of-hours"

---

[1]    Defendants also included corporate affiliates of Cannon and officers of
the Cannon entities.

ROACH V. T.L. CANNON CORP.

1    claim).[2]  Plaintiffs also alleged that Cannon required its managerial

2    staff to subtract pay for statutorily-mandated rest breaks that the

3    employees did not actually take (the "rest-break" claim).[3]

4        Following discovery, Plaintiffs moved to certify subclasses

5    corresponding to each New York Labor Law claim pursuant to Rule

6    23(b)(1) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

7    With respect to Rule 23(b)(3), Plaintiffs argued that issues common

8    to the question of liability predominated over any individual

9    questions relating to damages.  The district court referred Plaintiffs'

---

[2]    Effective January 1, 2011, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 was repealed and its substantive provisions re-promulgated at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.  *See* 32 N.Y. Reg. 26 (Dec. 29, 2010).

[3]    The New York Labor Law requires that employees be provided with meal breaks of specified lengths based on the times and durations of their shifts.  *See* N.Y. Lab. Law § 162.

   Plaintiffs also alleged that Cannon had a policy of not reimbursing its employees for uniforms and not paying its employees laundry fees as was then required by N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.8.  Those New York Labor Law claims, as well as the collective action claims brought under the Fair Labor Standards Act, are not at issue on appeal.

1  motion to Magistrate Judge David E. Peebles, who issued a report

2  and recommendation on March 5, 2013.

3      With respect to Plaintiffs' spread-of-hours claim, Magistrate

4  Judge Peebles recommended that Plaintiffs' motion be granted in

5  part.  Magistrate Judge Peebles found that Plaintiffs had satisfied the

6  Rule 23(a) prerequisites to class certification, but only with respect to

7  minimum-wage employees employed between April 2005 and

8  August 2010.  Magistrate Judge Peebles also found that the common

9  question of whether Cannon had a policy of depriving minimum-

10  wage employees the extra hour of pay was subject to generalized

11  proof that predominated over individual questions, thus warranting

12  class certification under Rule 23(b)(3).

13      With respect to the rest-break claim, Magistrate Judge Peebles

14  recommended that Plaintiffs' motion be denied.  Magistrate Judge

15  Peebles found that Plaintiffs had satisfied the commonality and

16  typicality requirements of Rule 23(a), but that Plaintiffs could not

ROACH V. T.L. CANNON CORP.

1    satisfy the adequacy of representation requirement because three of

2    the four Plaintiffs, when serving in a managerial capacity, had

3    revised employee timecards to deduct pay for untaken rest breaks.

4    Because Plaintiffs could not satisfy the prerequisites to class

5    certification under Rule 23(a), Magistrate Judge Peebles did not

6    consider whether their rest-break claim warranted class certification

7    under Rule 23(b).

8        Plaintiffs filed timely objections to Magistrate Judge Peebles's

9    report and recommendation.  With respect to Plaintiffs' spread-of-

10   hours claim, Plaintiffs argued that the class should be certified for all

11   claims arising after May 2004, when the statute of limitations first

12   began to run.  With respect to their rest-break claim, Plaintiffs

13   argued that they were adequate representatives for a rest-break class

14   because they were not "employers" within the meaning of the New

15   York Labor Law who could be subject to liability for revising

16   employee timecards. Moreover, Plaintiffs argued, Roach never

ROACH V. T.L. CANNON CORP.

1    worked in a managerial capacity and therefore was an adequate

2    representative of the class.

3        On March 29, 2013, the district court issued a decision and

4    order in response to Plaintiffs' objections, denying certification on

5    both Plaintiffs' spread-of-hour and rest-break claims. *See Roach v.*

6    *T.L. Cannon Corp.*, No. 3:10-CV-0591 (TJM/DEP), 2013 WL 1316452

7    (N.D.N.Y. Mar. 29, 2013). The district court noted that the Supreme

8    Court's decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013),

9    had issued after Magistrate Judge Peebles's report and

10   recommendation, and that, in light of *Comcast*, class certification was

11   inappropriate. *Roach*, 2013 WL 1316452, at *3.

12       The district court construed *Comcast* as holding that "[t]he

13   failure of the proponent of the class to offer a damages model that

14   [is] 'susceptible of measurement across the entire class for purposes

15   of Rule 23(b)(3)' [is] fatal to the certification question." *Id.* (quoting

16   *Comcast*, 133 S. Ct. at 1433). Plaintiffs' view that the presence of

ROACH V. T.L. CANNON CORP.

1  individualized damages was not fatal to the predominance inquiry,

2  the district court concluded, was therefore contrary to *Comcast*. *Id.*

3     Having so construed *Comcast*, the district court analyzed

4  whether either the spread-of-hours or rest-break claim merited

5  certification. Without considering whether there existed any

6  common questions of law or fact with respect to Plaintiffs' spread-

7  of-hours claim, the district court explained that "damages in this

8  putative class are . . . highly individualized." *Id.* Because Plaintiffs

9  did not offer a "model of damages susceptible of measurement"

10  across the putative class, the district court concluded that "Rule 23

11  certification must be denied for Plaintiffs' failure to satisfy their

12  requirements under Rule 23(b)(3)." *Id.* (citing *Comcast*). Given its

13  exclusive reliance on *Comcast*, the district court did not address

14  Plaintiffs' objections to Magistrate Judge Peebles's report and

15  recommendation. *Id.* at *4.

1    The district court's resolution of Plaintiffs' rest-break claim

2    was substantially identical.  Without considering whether there

3    existed any common questions of law or fact, the district court

4    concluded that "proof of damages on this claim is highly

5    individualized" and "[q]uestions of individual damage calculations

6    will inevitably overwhelm questions common to this class."  *Id.* at

7    *4-5.  Again, citing *Comcast*, the district court concluded that "class

8    certification of this claim fails under Rule 23(b)(3)."  *Id.* at *5.  As

9    with the spread-of-hours claim, the district court relied exclusively

10   on *Comcast* and did not address Plaintiffs' objections to the report

11   and recommendation.  *Id.* at *4.

12   Plaintiffs sought leave to file this interlocutory appeal

13   pursuant to 28 U.S.C. § 1292(e) and Rule 23(f) of the Federal Rules of

14   Civil Procedure, which motion we granted.

ROACH V. T.L. CANNON CORP.

1  **DISCUSSION**

2  Plaintiffs argue that the district court erred in holding that,

3  after *Comcast*, class certification pursuant to Rule 23(b)(3) requires a

4  finding that damages are measurable on a classwide basis.  We

5  review a district court's class certification determination for abuse of

6  discretion, applying a "noticeably less deferential" standard when

7  the district court has denied class certification.  *Augustin v. Jablonsky*

8  *(In re Nassau Cnty. Strip Search Cases)*, 461 F.3d 219, 224-25 (2d Cir.

9  2006) (quoting *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 18 (2d

10  Cir. 2003)) (internal quotation mark omitted).  While we review the

11  district court's construction of legal standards *de novo*, we review the

12  district court's application of those standards for whether the district

13  court's decision falls within the range of permissible decisions.

14  *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

1 **I**

2   A class may be certified only if, "after a rigorous analysis," the

3 district court is satisfied that the prerequisites of Rule 23(a) of the

4 Federal Rules of Civil Procedure are met. *Comcast Corp. v. Behrend*,

5 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*,

6 131 S. Ct. 2541, 2551 (2011)). Those prerequisites require showing

7 that: (1) "the class is so numerous that joinder of all members is

8 impracticable"; (2) "there are questions of law and fact common to

9 the class"; (3) "the claims or defenses of the representative parties

10 are typical" of those of the class; and (4) "the representative parties

11 will fairly and adequately protect the interests of the class." Fed. R.

12 Civ. P. 23(a).

13   In addition, the district court must be satisfied that

14 certification is appropriate under Rule 23(b). *Comcast*, 133 S. Ct. at

15 1432. One of the bases for certification under Rule 23(b), at issue

16 here, allows for certification if both (1) "questions of law or fact

ROACH V. T.L. CANNON CORP.

1    common to class members predominate over any questions affecting

2    only individual members," and (2) "a class action is superior to

3    other available methods for fairly and efficiently adjudicating the

4    controversy."  Fed. R. Civ. P. 23(b)(3).  Predominance is satisfied "if

5    resolution of some of the legal or factual questions that qualify each

6    class member's case as a genuine controversy can be achieved

7    through generalized proof, and if these particular issues are more

8    substantial than the issues subject only to individualized proof."

9    *Catholic Healthcare W. v. US Foodservice Inc. (In re U.S. Foodservice Inc.*

10   *Pricing Litig.)*, 729 F.3d 108, 118 (2d Cir. 2013) (quoting *UFCW Local*

11   *1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010)) (internal

12   quotation marks omitted).

13        Prior to the Supreme Court's decision in *Comcast*, it was "well-

14   established" in this Circuit that "the fact that damages may have to

15   be ascertained on an individual basis is not sufficient to defeat class

16   certification" under Rule 23(b)(3).  *Seijas v. Republic of Argentina*, 606

-13-

1   F.3d 53, 58 (2d Cir. 2010); *see McLaughlin v. Am. Tobacco Co.*, 522 F.3d

2   215, 231 (2d Cir. 2008), *abrogated in part on other grounds by Bridge v.*

3   *Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008); *see also Dukes*, 131 S. Ct.

4   at 2558 ("[I]ndividualized monetary claims belong in Rule

5   23(b)(3)."). "[T]he fact that damages may have to be ascertained on

6   an individual basis" was simply one "factor that we [had to]

7   consider in deciding whether issues susceptible to generalized proof

8   'outweigh' individual issues" when certifying the case as a whole.

9   *McLaughlin*, 522 F.3d at 231.

10      We do not read *Comcast* as overruling these decisions.

11                                    **II**

12      In *Comcast*, the plaintiffs filed a class-action antitrust suit

13   claiming that Comcast's acquisition of competitor cable television

14   providers in sixteen counties clustered around Philadelphia violated

15   the Sherman Act.  133 S. Ct. at 1430.  Comcast's clustering strategy

16   had increased its market share in that geographical area from

ROACH V. T.L. CANNON CORP.

1   around twenty to seventy percent.  *Id.*  The plaintiffs sought to

2   certify the class of Comcast subscribers in that geographical area

3   under Rule 23(b)(3), claiming that questions of law and fact common

4   to the class predominated over any questions affecting individual

5   members.  *Id.*  The district court held, and neither the plaintiffs nor

6   defendants contested on appeal, that in order to meet the

7   predominance requirement, the plaintiffs had to show that: (1) the

8   injury suffered by the class was "capable of proof at trial through

9   evidence that [was] common to the class rather than individual to its

10  members"; and (2) "the damages resulting from [the

11  anticompetitive] injury were measurable on a class-wide basis

12  through use of a common methodology."  *Id.* (first alteration in

13  original) (quoting *Behrend v. Comcast Corp.*, 264 F.R.D. 150, 154 (E.D.

14  Pa. 2010)) (internal quotation marks omitted).

15       The plaintiffs offered four theories of antitrust injury or

16  impact, only one of which the district court concluded was

ROACH V. T.L. CANNON CORP.

1    susceptible of classwide proof: Comcast's clustering around

2    Philadelphia reduced competition from "overbuilders," competitors

3    who build competing cable networks where there exists an

4    incumbent cable provider.[4]  *Id.* at 1430-31.  To prove that the

5    damages resulting from the anticompetitive injury were measurable

6    on a classwide basis, the plaintiffs offered expert testimony that

7    modeled the class damages based on all four theories of antitrust

8    injury; the model did not isolate damages resulting from the

9    "overbuilder" theory.  *Id.* at 1431.  Nevertheless, both the district

10    court and the United States Court of Appeals for the Third Circuit

11    concluded that the expert testimony was sufficient to establish that

12    damages resulting from the "overbuilder" theory of injury were

13    measurable on a classwide basis.  *Id.*  Rejecting the notion that the

---

[4]    The other three theories of injury were that Comcast's clustering: (1) permitted it to withhold local sports programming from satellite competitors, thereby reducing competitor market penetration; (2) "reduced the level of 'benchmark' competition on which cable customers rely to compare [provider] prices"; and (3) "increased Comcast's bargaining power relative to content providers." *Comcast*, 133 S. Ct. at 1430-31.

1    plaintiffs were required to offer a model of classwide damages that

2    attributed damages only to the "overbuilder" theory of injury, the

3    Court of Appeals explained that the plaintiffs were required merely

4    to provide assurance that, "if they can prove antitrust impact, the

5    resulting damages are capable of measurement and will not require

6    labyrinthine individual calculations." *Id.* at 1431 (quoting *Behrend v.*

7    *Comcast Corp.*, 655 F.3d 182, 206 (3d Cir. 2011)) (internal quotation

8    mark omitted).  A more rigorous analysis, the Court of Appeals

9    concluded, would constitute an "attac[k] on the merits of the

10   methodology [that] [had] no place in the class certification inquiry."

11   *Id.* (first and third alterations in original) (quoting *Behrend*, 655 F.3d

12   at 207) (internal quotation marks omitted).

13       The Supreme Court granted certiorari. After noting that

14   neither party had contested the district court's holding that Rule

15   23(b)(3) predominance required a showing that damages resulting

16   from the anticompetitive injury were measurable on a classwide

ROACH V. T.L. CANNON CORP.

1 basis, *id.* at 1430, the Court identified the question presented as

2 whether the plaintiffs "had . . . establish[ed] that damages could be

3 measured on a classwide basis," *id.* at 1431 n.4.  The Court reversed,

4 holding that the plaintiffs' expert testimony failed to carry that

5 burden.  *Id.* at 1432-33.

6     The Court began by noting that it had recently held that

7 establishing the Rule 23(a) prerequisites to class certification

8 required a "rigorous analysis," which would "frequently entail

9 'overlap with the merits of the plaintiff's underlying claim.'"  *Id.* at

10 1432 (quoting *Dukes*, 131 S. Ct. at 2551).  Those "same analytical

11 principles," the Court explained, govern the Rule 23(b) inquiry.  *Id.*

12     The Court then held that the plaintiffs' expert testimony did

13 not withstand the "rigorous analysis" for the Rule 23(b)(3)

14 predominance test.  The Court explained that the plaintiffs would be

15 entitled only to damages resulting from their theory of injury.  *Id.* at

16 1433.  Thus, "a model purporting to serve as evidence of damages

ROACH V. T.L. CANNON CORP.

1 . . . must measure only those damages attributable to that theory."

2 *Id.* "If the model does not even attempt to do that," the Court

3 explained, "it cannot possibly establish that damages are susceptible

4 of measurement across the entire class for purposes of Rule

5 23(b)(3)." *Id.* Because there was "no question" that the damages

6 model was not based solely upon the "overbuilder" theory of injury

7 certified by the district court, but also included calculations

8 accounting for the three other theories of injury, *id.* at 1433-34, the

9 Court concluded that "Rule 23(b)(3) cannot authorize treating [cable]

10 subscribers within the Philadelphia cluster as members of a single

11 class," *id.* at 1435.

12 *Comcast*, then, did not hold that a class cannot be certified

13 under Rule 23(b)(3) simply because damages cannot be measured on

14 a classwide basis. *See id.* at 1430 (noting that the requirement of a

15 classwide damages model "is uncontested here"); *id.* at 1436

16 (Ginsburg and Breyer, JJ., dissenting) ("[T]he decision should not be

ROACH V. T.L. CANNON CORP.

1    read to require, as a prerequisite to certification, that damages

2    attributable to a classwide injury be measurable 'on a class-wide

3    basis.'"). *Comcast*'s holding was narrower. *Comcast* held that a

4    model for determining classwide damages relied upon to certify a

5    class under Rule 23(b)(3) must actually measure damages that result

6    from the class's asserted theory of injury; but the Court did not hold

7    that proponents of class certification must rely upon a classwide

8    damages model to demonstrate predominance. *See id.* at 1433*; see*

9    *also In re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014)

10   (construing the "principal holding of *Comcast* [as being] that a

11   'model purporting to serve as evidence of damages . . . must

12   measure only those damages attributable to th[e] theory' of liability

13   on which the class action is premised" (ellipsis and second alteration

14   in original) (quoting *Comcast*, 133 S. Ct. at 1433)); *Butler v. Sears,*

15   *Roebuck & Co.*, 727 F.3d 796, 799 (7th Cir. 2013) (construing *Comcast*

16   as holding only "that a damages suit cannot be certified to proceed

ROACH V. T.L. CANNON CORP.

1    as a class action unless the damages sought are the result of the

2    class-wide *injury* that the suit alleges" (emphasis in original)); *Leyva*

3    *v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (interpreting

4    *Comcast* to hold that class-action plaintiffs "must be able to show

5    that their damages stemmed from the defendant's actions that

6    created the legal liability"); *accord Catholic Healthcare W. v. US*

7    *Foodservice Inc. (In re U.S. Foodservice Inc. Pricing Litig.)*, 729 F.3d 108,

8    123 n.8 (2d Cir. 2013) ("Plaintiffs' proposed measure for damages is

9    thus directly linked with their underlying theory of classwide

10   liability . . . and is therefore in accord with the Supreme Court's

11   recent decision in *Comcast* . . . ."). Indeed, as the Court explained, if

12   all four types of anticompetitive injury had been approved for

13   certification by the district court, the plaintiff's damages

14   methodology "might have been sound, and might have produced

15   commonality of damages." *Comcast*, 133 S. Ct. at 1434.

ROACH V. T.L. CANNON CORP.

1    To be sure, *Comcast* reiterated that damages questions should

2    be considered at the certification stage when weighing

3    predominance issues, but this requirement is entirely consistent with

4    our prior holding that "the fact that damages may have to be

5    ascertained on an individual basis is . . . a factor that we must

6    consider in deciding whether issues susceptible to generalized proof

7    'outweigh' individual issues." *McLaughlin*, 522 F.3d at 231.   The

8    Supreme Court did not foreclose the possibility of class certification

9    under Rule 23(b)(3) in cases involving individualized damages

10   calculations.

11   Our reading of *Comcast* is consistent with the Supreme Court's

12   statement in *Comcast* that its decision turned upon "the

13   straightforward application of class-certification principles."   133 S.

14   Ct. at 1433.  Our reading is also consistent with the interpretation of

15   those Circuits that have had the opportunity to apply *Comcast*.  *See*

16   *AstraZeneca AB v. United Food & Commercial Workers Unions & Emp'rs*

-22-

1  *Midwest Health Benefits Fund (In re Nexium Antitrust Litig.)*, No. 14-

2  1521, 2015 WL 265548, at *8, *10 (1st Cir. Jan. 21, 2015) (explaining

3  that *Comcast* "simply" requires that a damages calculation reflect the

4  associated theory of liability, and discussing the "well-established"

5  principle that individualized damages do not automatically defeat

6  Rule 23(b)(3) certification); *Dow Chem. Co. v. Seegott Holdings, Inc. (In*

7  *re Urethane Antitrust Litig.*), 768 F.3d 1245, 1257-58 (10th Cir. 2014)

8  ("*Comcast* did not rest on the ability to measure damages on a class-

9  wide basis."); *In re Deepwater Horizon*, 739 F.3d at 817 (rejecting, post-

10  *Comcast*, the argument "that certification under Rule 23(b)(3)

11  requires a reliable, common methodology for measuring classwide

12  damages" (internal quotation marks omitted)); *Butler*, 727 F.3d at 801

13  (holding, upon the Supreme Court's grant of certiorari, vacatur, and

14  remand in light of *Comcast*, that "the fact that damages are not

15  identical across all class members should not preclude class

16  certification"); *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-*

ROACH V. T.L. CANNON CORP.

1   *Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 860-61 (6th Cir. 2013)

2   (noting that *Comcast* was "premised on existing class-action

3   jurisprudence" and that "it remains the 'black letter rule' that a class

4   may obtain certification under Rule 23(b)(3) when liability questions

5   common to the class predominate over damages questions unique to

6   class members"); *Leyva*, 716 F.3d at 513 (reiterating Ninth Circuit

7   precedent, post-*Comcast*, that "damage calculations alone cannot

8   defeat certification" (quoting *Yokoyama v. Midland Nat'l Life Ins. Co.*,

9   594 F.3d 1087, 1094 (9th Cir. 2010)) (internal quotation mark

10   omitted)).

11                                   **III**

12       Cannon does not argue that *Comcast* precludes certification

13   whenever damages are not measurable on a classwide basis. Rather,

14   Cannon maintains that the district court denied class certification

15   because Plaintiffs had failed to establish that any common issues of

1   law and fact predominated over the individualized nature of the

2   damages inquiry.

3       But in considering whether to certify Plaintiffs' spread-of-

4   hours and rest-break claims under Rule 23(b)(3), the district court

5   did not evaluate whether the individualized damages questions

6   predominate over the common questions of liability identified by

7   Magistrate Judge Peebles. The district court also did not consider

8   that Magistrate Judge Peebles had identified such common

9   questions. Rather, the district court's reasoning was limited to an

10  analysis of whether Plaintiffs' damages would be capable of

11  measurement on a classwide basis. Because the district court

12  concluded damages were not capable of measurement on a

13  classwide basis—and *only* because the district court concluded

14  damages were not capable of measurement on a classwide basis—

15  the district court refused to certify Plaintiffs' spread-of-hours and

16  rest-break claims. That holding was not required by *Comcast*, was

ROACH V. T.L. CANNON CORP.

1     contrary to the law of this Circuit—left undisturbed by *Comcast*—

2     that individualized damages determinations alone cannot preclude

3     certification under Rule 23(b)(3), *see Seijas v. Republic of Argentina*,

4     606 F.3d 53, 58 (2d Cir. 2010), and cannot support the district court's

5     denial of Plaintiffs' motion for certification.

6         Accordingly, because we do not read *Comcast* as precluding

7     class certification where damages are not capable of measurement

8     on a classwide basis, we reject the district court's sole reason for

9     denying Plaintiffs' motion for class certification.

10                         **CONCLUSION**

11         For the foregoing reasons, we VACATE the order of the

12     district court denying class certification, and REMAND.[5]

---

[5]     We decline Plaintiffs' invitation to order class certification on the present record. Whether to certify a class is within the discretion of the district court, largely because it is the district court that has the "inherent power to manage and control pending litigation." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)) (internal quotation mark omitted). We cannot hold, on this record, that an order denying certification upon consideration of the Rule 23(b)(3) standards would be outside the range of permissible decisions upon the proper application of *Comcast*. *See id.*